IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TRES TECH CORPORATION,       § | |
|     Petitioner/Plaintiff,       § | |
| § | CIVIL ACTION NO. 3: 13-cv-01800-K |
| v.       § | |
| § | |
| CAREFUSION CORPORATION,       § | |
|     Respondent/Defendant       § | |

### TRES TECH'S REPLY TO CAREFUSION CORPORATION'S OPPOSITION TO MOTION TO CONFIRM ARBITRATION AWARD

Tres Tech Corporation ("Tres Tech"), Petitioner/Plaintiff, files this Reply to CareFusion Corporation's Opposition ("the CF Response") to Tres Tech's Motion to Confirm Arbitration Award (the "Motion"), and would show the Court the following:

### SUMMARY

CareFusion Corporation ("CareFusion") asserts in the CF Response that (a) the arbitration award which is the subject of this action should be vacated, and (b) this action should be transferred to a court in California for the reasons stated in its Cross-Motion to Vacate Award and a Motion to Transfer (filed with this Court June 7, 2013).  Tres Tech will respond to the arguments in those Motions pursuant to the Court's regular briefing schedule for such motions. As all issues in the CF Response assert grounds used in support of such motions, there are no substantive issues which require a "reply" in this pleading, and, therefore, they will be addressed in response to those motions.  However, out of an abundance of caution, Tres Tech will address two issues raised in the CF Response.  First, Tres Tech correctly filed the action before this Court against CareFusion as the proper party respondent since the arbitration *"Tres Tech Corporation v. CareFusion Corporation"*, Case No. AAA  76 122 Y 00149 12 JENF  (the "Arbitration") was brought against CareFusion Corporation as the sole respondent, and the Final

Award issued in the Arbitration on April 12, 2013 (the "Award") mentions only CareFusion Corporation as the sole party respondent to the Arbitration. Second, the inadvertently erroneous certificate of conference attached to the Motion to Confirm in the above-captioned case should have no bearing on the issues before the Court, and should not impact Tres Tech's substantive rights with regard to the final disposition of the Award.

## EVIDENTIARY BASIS

Tres Tech's Motion to Confirm and this Reply rely upon, and incorporate by reference, the documents and evidence filed in the Appendix in Support of Motion to Confirm ("Appendix" or "APP."), which is filed herewith and which contains (1) the documents that were initially filed as direct exhibits to the Motion to Confirm, as well as (2) the Declaration of Talmage Boston in Support of Reply ("Boston Decl.").

## ARGUMENTS AND AUTHORITIES

A. **CareFusion Corporation Was the Correct Party Respondent to the Arbitration and Is Now the Correct Party Respondent In This Action**

In the CF Response, CareFusion claims that Tres Tech named the wrong party in its Motion to Confirm. Wrong. Tres Tech intentionally named CareFusion Corporation as the sole party respondent in the above-captioned case because the only party respondent named in Tres Tech's Demand For Arbitration was CareFusion Corporation and the Award mentions only CareFusion Corporation as the party respondent. Appendix Ex. C (APP. 47-73); Boston Decl. ¶ 6 (APP. 192). This action is filed consistent with the parties named in the Award. *Id.*

In the Arbitration itself, neither CareFusion Corporation nor CareFusion 202 ever took any formal action before the Panel (i.e., by filing some type of motion) attempting to achieve a substitution of parties. Boston Decl. ¶ 2 (APP. 190-191). During the course of the three-day

hearing, neither CareFusion entity ever sought to change the named party to the Arbitration. *Id.* After the hearing ended and the Award was issued, neither CareFusion entity ever attempted to clarify who it believed should have been the "correct party" respondent in the Award. *Id.* Rather than filing any pleading with the AAA to achieve a substitution of the parties or correct the party respondent's name, CareFusion Corporation merely noted in its Response to Tres Tech's Demand for Arbitration, and in other pleadings, that CareFusion 202 had been "wrongly named as CareFusion Corporation in the demand." Boston Decl. ¶ 7, Ex. J (APP. 211-212). This language merely indicated an alleged error (in CareFusion's opinion) in the name of the party, not necessarily indicating that the Arbitration had been brought against the wrong party. Furthermore, CareFusion's counsel, Mr. Wisnia, signed the Response to Tres Tech's Demand for Arbitration on behalf of "CAREFUSION CORPORATION," and also filed a Brief with the panel prior to the hearing in which he argued the "equities" of the case (in his opinion):

> CareFusion is a publicly traded (NYSE:CFN) diversified medical device company with over 14,000 employees worldwide. Among numerous other products, CareFusion sells critical care ventilators, like the 3100A and 3100B HFOV models at issue in this case. Tres Tech is a shell company that has done nothing for at least the past 23 years but collect checks from CareFusion (and its predecessors) based on patents developed by someone else 30 years ago.

Boston Decl. ¶ 7, Exs. I, J (APP . 207-212). The CareFusion entity referred to in the Trial Brief by its New York Stock Exchange abbreviation "CFN" is CareFusion Corporation. *Id.* at ¶ 7.

If the Award naming only CareFusion Corporation as party respondent constituted a possible error, then CareFusion Corporation clearly had the opportunity to address that error with the Panel after the Award issued, yet chose to do nothing about it. CareFusion thereby waived its right to obtain correction of such alleged error and to assert that it was not a party to the Royalty Agreement or is not bound by the arbitration provision, and CareFusion now estopped from asserting such alleged procedural errors before this Court. *See United Steelworkers of*

*America, AFL-CIO.CLC v. Smoke-Craft, Inc.*, 652 F.2d 1356, 1360-61 (9th Cir. 1981), cert. denied, 455 U.S. 1021, 102 S.Ct. 1718, 72 L.Ed.2d 139 (1982); *La Societe Nationale v. Shaheen Natural Resources*, 585 F. Supp. 57, 62 (S.D.N.Y. 1983) ("Defendant had an affirmative obligation to raise 'any arguments why the arbitration should not proceed' to the panel, including that it is not a party to the agreement and is not bound by the arbitration provision.").

The American Arbitration Association's ("AAA") rules contain a procedure for parties who seek to correct any perceived clerical or typographical errors in an arbitration award. AAA Commercial Arbitration Rules ("AAA Rules") R-46 ("Within 20 days after the transmittal of an award, any party, upon notice to the other parties, may request the arbitrator, through the AAA, to correct any clerical, typographical, or computational errors in the award."). CareFusion's counsel made no such request of the Panel regarding the alleged defect in parties after the Award was issued. Boston Decl. ¶¶ 2, 5 (APP . 190-192). Tres Tech waited beyond the AAA's twenty day correction period after issuance of the Award before filing its Motion to Confirm in the Texas Action, giving CareFusion Corporation and CareFusion 202 ample opportunity to correct any perceived errors in the Award per the AAA procedures. *See id.*at ¶ 5 (APP. 192); AAA Rules R-46. Because of these undisputed facts, CareFusion Corporation is the correct party named in the Award and, subsequently, is the proper party in the above-captioned case.

For the reasons discussed above, and others that will be set forth in Response to the Cross- Motion to Vacate, CareFusion Corporation (the Award's only named party) is the correct party to any court proceeding seeking to confirm or vacate the Award.

**B.**     **The Erroneous Certificate of Conference to the Motion to Confirm is Irrelevant**

In the CF Response, CareFusion makes reference to an inadvertent erroneous certificate of conference attached to the Motion to Confirm in the Texas Action, implying that such error is

a defect in the filing of the Motion. The error was quickly rectified and an Amended Certificate of Conference was filed explaining the circumstances why conference was not held. Boston Decl. ¶ 6, Ex. H (APP . 192, 205-206). The purpose of the conference requirements is to determine if the matter is opposed, and is not always required. *See* N.D. Tex. L.R. 7.1(a).[1] Clearly, the parties cannot agree on the proper disposition of the award, and Tres Tech's Motion to Confirm is most definitely a motion opposed by CareFusion, so the purpose of the rule has been met.[2] Further, as explained in the Amended Certificate of Conference, it is unclear if a new case initiated by the filing of a Motion to Confirm Arbitration Award (procedurally similar to a Complaint) actually requires a conference in the same manner as other types of motions. *Id.* at Ex. H (APP. 205-206). Regardless, Tres Tech's explanation in its Amended Certificate of why the conference was not held is sufficient to satisfy the local rule, since it explains why it was not possible to confer before the Motion was filed. *See* N.D. Tex. L.R. 7.1(b)(3).[3]

## C.  Tres Tech will Address CareFusion's Arguments in Response to the Cross-Motions

All of CareFusion's arguments in the CF Response rely on its arguments presented in the Motion to Transfer and Cross-Motion to Vacate Award. Tres Tech will respond to those arguments pursuant to local rules regarding briefing, which require a response on or by June 28, 2013. As such, no ruling can be made on this Motion until such issues are resolved by the Court.

---

[1] "Before filing a motion, an attorney for the moving party must confer with an attorney for each party affected by the requested relief to determine whether the motion is opposed. ***Conferences are not required…when a conference is not possible.***" N.D. Tex. L.R. 7.1(a) (emphasis added).

[2] Even if counsel had talked before the Texas Action was filed May 13, 2013, Tres Tech would not have changed the party named in the Motion or sought to file it in California, despite Mr. Wisnia's self-serving speculation that such would have been the outcome. Boston Decl. ¶ 6 (APP. 192).

[3] N.D. Tex. Local Rule 7.1(b)(3) states: "If a conference was not held, the certificate must explain why it was not possible to confer, in which event the motion will be presumed to be opposed." As Mr. Boston affirms, conference prior to the filing of the Texas Action was not possible because Mr. Wisnia did not respond to attempts by Tres Tech's counsel to meaningfully discuss the matter. Boston Decl. ¶¶ 3-4, 6 (APP. 190-192). Over the course of the two weeks prior to the filing, counsel for Tres Tech reached out to counsel for CareFusion several times via email and phone seeking to discuss the matter, but received no meaningful response from opposing counsel. *Id.* at ¶¶ 3-4, Exs. A-G (APP. 190-192, 195-204).

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Tres Tech prays that, pursuant to 9 U.S.C. § 9, the Award be confirmed and entered as a Final Judgment against CareFusion, in the form included in the Appendix as Exhibit A, and that it receive all other relief to which it may be entitled.

    Respectfully submitted,

    WINSTEAD PC

    */s/ Talmage Boston*
    Talmage Boston
    Texas Bar No. 02681800
    tboston@winstead.com
    Elisabeth A. Wilson
    Texas Bar No. 24056896
    ewilson@winstead.com
    Jeffrey A. Tinker
    Texas Bar No. 24060733
    jtinker@winstead.com

    500 Winstead Building
    2728 N. Harwood Street
    Dallas, Texas 75201
    (214) 745-5400 (Telephone)
    (214) 745-5390 (Fax)

    **ATTORNEYS FOR TRES TECH CORPORATION, PETITIONER/PLAINTIFF**

**CERTIFICATE OF SERVICE**

I hereby certify that on June 21, 2013, I electronically filed the foregoing document using the CM/ECF system, which will send notification of such filing via electronic mail to all counsel of record.

    */s/ Talmage Boston*
    Talmage Boston

6082572v.1 EWILSON:EWILSON