IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TRES TECH CORPORATION, | § | |
| | § | |
| Petitioner/Plaintiff | § | |
| | § | |
| v. | § | CIVIL ACTION No. 3:13-CV-1800-K |
| | § | |
| CAREFUSION CORPORATION and | § | |
| CAREFUSION 202, INC., | § | |
| | § | |
| Respondents/Defendants | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are the following motions: (1) Motion to Confirm Arbitration Award (Doc. No. 1) filed by Tres Tech Corporation ("Tres Tech"); (2) Cross-Motion to Vacate Award (Doc. No. 11) filed by Carefusion Corporation; and (3) Motion to Transfer Action to Northern District of California (Doc. No. 12) filed by Carefusion Corporation. The Court has reviewed the above motions, the briefing, the materials submitted by the parties, and the applicable law. The Court hereby **DENIES** Tres Tech's Motion to Confirm Arbitration Award (Doc. No. 1); **DENIES** Carefusion Corporation's Cross-Motion to Vacate Award (Doc. No. 11); **DENIES** Carefusion Corporation's Motion to Transfer Action (Doc. No. 12); and **REMANDS** the matter to the American Arbitration Association for resolution of an ambiguity in the award.

I.    **Factual and Procedural Background**

In 1995, Tres Tech entered into a Royalty Agreement with SensorMedics Critical Care Corporation ("SensorMedics"). The 1995 Royalty Agreement provided

1

for royalty payments related to the sales and rentals of certain medical products that used High Frequency Ventilator technology developed by Tres Tech's predecessor. Carefusion Corporation, an entity that Tres Tech claims is a successor-in-interest to SensorMedics, tendered royalty payments for several years leading up to May 2011. Alleging that the 1995 Royalty Agreement had expired, Carefusion Corporation ceased these payments in May 2011. Tres Tech and Carefusion Corporation were unable to agree as to when the 1995 Royalty Agreement terminated. Tres Tech filed a demand for arbitration seeking an award based on its claim that the 1995 Royalty Agreement was effective through March 17, 2018.

  Tres Tech named Carefusion Corporation as the respondent in the arbitration proceeding. In its response to the demand for arbitration, Carefusion Corporation substituted Carefusion 202, Inc. in the case style and stated that Carefusion Corporation was not the proper respondent. However, the attorneys signed the response on behalf of Carefusion Corporation. The same attorneys represent both Carefusion Corporation and Carefusion 202, Inc. From then on, Carefusion Corporation's attorneys indicated that they were, in fact, representing Carefusion 202, Inc., not Carefusion Corporation. Following Carefusion Corporation's allegation that Carefusion 202, Inc. was the proper respondent party, Tres Tech named only Carefusion 202, Inc. in its response to Carefusion Corporation's counterclaims. At no time did Carefusion Corporation specifically request that the arbitration panel dismiss Carefusion Corporation because it was not the proper party to the arbitration

proceeding. At no time did Carefusion 202, Inc. seek to have itself substituted as the proper party.

At the conclusion of the arbitration, the panel issued an award ("the Award") and styled its findings as an award in the arbitration of Tres Tech against Carefusion Corporation ("the Award"). The panel referred to the respondent as simply "Carefusion." In the last paragraph of the Award, the panel expressly referred to Carefusion Corporation as the entity that was a party to the arbitration. The Award never expressly referred to Carefusion 202, Inc.

After expiration of 20 days from the transmittal of the Award, Tres Tech filed its Motion to Confirm Arbitration Award with this Court. The next day, Carefusion 202, Inc. filed a Motion to Vacate Arbitration Award in the Northern District of California. Carefusion Corporation subsequently moved to transfer this action to the Northern District of California and moved to vacate the Award in this Court.

## II. Carefusion Corporation's Motion to Transfer Venue

The Court first turns to whether or not to transfer this action to the Northern District of California under 28 U.S.C. § 1404. Carefusion Corporation argues that the Northern District of California is a more convenient forum because the federal courts in California have more familiarity with California law and because the Northern District of California has a localized interest in arbitrations conducted within its jurisdiction. Carefusion Corporation bears the burden of demonstrating to the Court that it should transfer the case and the decision rests within the sound

discretion of the Court. *Peteet v. Dow Chem. Co.*¸ 868 F.2d 1428, 1436 (5th Cir. 1989). In this context of affirming or vacating an arbitration award, the Court concludes that these factors do not weigh significantly enough to disregard the Plaintiff's choice of forum and to make the Northern District of California the clearly more convenient forum.

In analyzing whether to transfer an action for convenience the plaintiff's choice of venue is entitled to some deference. *AT&T Intellectual Prop. I, L.P. v. Airbiquity Inc.*, No. 3:08-CV-1637-M, 2009 WL 774350, at *1 (N.D. Tex. Mar. 24, 2009). The movant's burden to overcome this deference is significant. *Id.* Carefusion Corporation has the burden to show that the transferee venue is clearly more convenient than the venue chosen by the plaintiff. *In re Volkswagen of America, Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc). The Court considers private and public interest factors for determining whether a transferee venue is clearly more convenient than the venue chosen by the plaintiff. *Id.* The private interest factors include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive. *Id.* The public interest factors include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of law or in the application of foreign

law. *Id.* Of the private and public interest factors, the relative convenience to the witnesses is often the most important factor to be considered in ruling on a Section 1404(a) motion. *Gundle Lining Const. Corp. v. Fireman's Fund Ins. Co.*, 844 F. Supp. 1163, 1166 (S.D. Tex. 1994).

Carefusion Corporation admits that most of the public and private interest factors do not favor transfer in this case. The relative ease of access to sources of proof and the availability of compulsory process to secure the attendance of witnesses are not relevant to confirming or vacating an arbitration award. Additionally, this case raises no issues of administrative difficulties related to court congestion or problems of conflict of law. The most important factor in the Section 1404 analysis, the convenience of witnesses, does not tip the balance in favor of transfer to California. *See Eastman Med. Prods., Inc. v. E.R. Squibb & Sons, Inc.*, 199 F. Supp. 2d 590, 596 (N.D. Tex. 2002).

Carefusion Corporation's argument, at its most basic level, is that because two factors weigh "heavily" in favor of transfer, transfer under 28 U.S.C. § 1404 is warranted. The Court disagrees that the factors weigh heavily in favor of transfer.

### A.    Local Interest in Having Localized Interests Decided at Home

First, Carefusion Corporation argues that the Northern District of California has a localized interest in arbitrations that take place within its jurisdiction. Carefusion Corporation cites no law to support this proposition, and the Court doubts its logical force. Because of the narrow review in an action to confirm or

vacate an arbitration award, most of the private and public interest factors will always be neutral, as they are here. If Carefusion Corporation's argument is taken at face value there would be few, if any, convenient venues to confirm an arbitration award other than the jurisdiction of the arbitration. Moreover, the Court doubts whether an arbitration proceeding, in and of itself, is a localized interest. The arbitration took place within the Northern District of California only because the parties negotiated to hold it there. Thus, the arbitration proceeding is not a localized interest of the Northern District of California, but an interest of the parties to the proceeding.

Carefusion Corporation's argument also ignores that Tres Tech and SensorMedics freely contracted to allow either company to enforce an arbitration award in any court of competent jurisdiction. Tres Tech is a Texas company and has filed this action pursuant to the rights it gained in an arms-length negotiation. Texas Courts have a localized interest in the proper enforcement of freely negotiated contract rights of Texas companies.

The Northern District of California's localized interest in arbitration proceedings held in its jurisdiction is slight. Whatever interest exists is balanced by the interest of the Northern District of Texas in enforcing contract rights of citizens and businesses within its jurisdiction. Thus, the Court concludes that the local interest in having localized interests decided at home does not weigh in favor of transfer to the Northern District of California.

B.	**Familiarity of the Forum with the Law That Will Govern the Case**

Carefusion Corporation argues that the Northern District of California's familiarity with California law also weighs heavily in favor of transfer. Tres Tech argues that familiarity with California law is not a factor given the limited review of the courts when deciding whether to confirm or vacate an arbitration award. The Court concludes familiarity with California law weighs only slightly in favor of transfer.

Familiarity of the forum with the law that will govern the case is always a factor the court considers when deciding whether transfer is appropriate. *See Volkswagen*, 545 F.3d at 315. This factor weighs more heavily when the dispute centers on interpretation of law used in the transferee district. *See, e.g., USPG Portfolio Two, LLC v. John Hancock Real Estate Finance, Inc.,* No. 3:10-CV-2466-D, 2011 WL 1103372, at *7 (N.D. Tex. Mar. 25, 2011).

However, a district court's review of an arbitration award under the Federal Arbitration Act is an extraordinarily narrow review. *Glover v. IBP, Inc.*, 334 F.3d 471, 473–74 (5th Cir. 2003). Whether to confirm or vacate an arbitration award is related to whether the arbitration panel exceeded its legal authority in granting the remedies included in the final award. *See Eastman Med. Prods. Inc.,* 199 F. Supp. 2d at 596–97. The court's legal analysis does not center on the intricacies of interpreting the substantive law at issue in the arbitration. *Id.*

Carefusion Corporation insists that interpreting California law will be necessary to determine whether or not the arbitrators exceeded their powers as provided for by 9 U.S.C. § 10. Whatever expertise the California Courts have in interpreting California law will be of little importance, because the Ninth Circuit has held that "exceeded their powers" does not mean interpreting or applying the governing law incorrectly, but only rendering an award that is completely irrational or exhibits a manifest disregard of the law. *French v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 784 F.2d 902, 906 (9th Cir. 1986); *Todd Shipyards Corp. v. Cunard Line, Ltd.*, 943 F.2d 1056, 1060 (9th Cir. 1991). Even if the California court's expertise in California law revealed misinterpretations of California law, confirmation would still be required. *French*, 784 F.2d at 906.

### C.  Transfer Is Not Warranted

The most important factor for transfer, the convenience of the parties and witnesses is absent in this case. Tres Tech decided to seek confirmation of the Award in Texas, where it resides, as allowed by the terms of the agreement between it and SensorMedics. Carefusion Corporation has not met its burden to show that the Northern District of California is the clearly more convenient venue, so the Court will respect Tres Tech's venue decision and deny the motion to transfer.

### II.  Tres Tech's Motion to Confirm Arbitration and Carefusion Corporation's Cross-Motion to Vacate.

Tres Tech initiated this action by bringing its Motion to Confirm Arbitration Award. Following the arbitration hearing and two rounds of post-hearing briefing, the

panel of three arbitrators issued the Award granting Tres Tech the relief it sought and denying the relief sought by Carefusion Corporation. Tres Tech seeks to confirm the Award, to obtain post-award, prejudgment interest and post-judgment interest on the Award, and to have a final judgment entered against Carefusion Corporation.

In response, Carefusion Corporation filed a cross-motion to vacate the Award, arguing first that the Award should be vacated for lack of jurisdiction and second, that the Award should be vacated on any one of three substantive grounds. For its first jurisdictional argument, Carefusion Corporation raises the claim that it was not the entity that actually arbitrated against Tres Tech, but that Tres Tech arbitrated against a completely different entity, Carefusion 202, Inc. In the alternative, Carefusion Corporation argues that the panel exceeded its authority to bind Carefusion Corporation to arbitration, because Carefusion Corporation did not sign an arbitration agreement and none of the available theories for binding non-signatories recognized by the Fifth Circuit apply. Finally, Carefusion Corporation argues that if the panel properly exercised jurisdiction over Carefusion Corporation, the Award should be set aside for any of the following reasons: (1) the panel exceeded their authority because they ignored the contract and the applicable law in finding no patent misuse as alleged by Carefusion Corporation's counter-claim; (2) the panel exceeded its authority by erroneously considering parol evidence; and (3) the panel exceeded its authority by erroneously reforming the contract. For the reasons below, the Court cannot reach a decision on the merits of either motion.

9

When a party seeks confirmation of an arbitration award, the Court gives deference to the decisions of the arbitrators. *Glover*, 334 F.3d at 473. Review of such an award is extraordinarily narrow. *Id.* at 473–74. However, the Court may vacate an award if: (1) the award was procured by corruption, fraud, or undue means; (2) there is evidence of partiality or corruption among the arbitrators; (3) the arbitrators were guilty of misconduct which prejudiced the rights of one of the parties; or (4) the arbitrators exceeded their powers. 9 U.S.C. § 10(a). Additionally, the Fifth Circuit has recognized that an arbitration award may be vacated if, in making the award, the arbitrator acted with manifest disregard for the law. *Glover*, 334 F.3d at 474. A court may only enforce an arbitration award as written by the arbitrator, so an ambiguous award is unenforceable. *Brown v. Witco Corp.*, 340 F.3d 209, 216 (5th Cir. 2003); *Mills v. James Helwig & Son*, No. 3:04-CV-0936-B, 2005 WL 1421810, at *3 (N.D. Tex. June 13, 2005); *Luby's Rests. Ltd. P'ship v. Credit Suisse Sec. (USA) LLC*, No. H-10-3212, 2011 WL 1740196, at *1(S.D. Tex. May 5, 2011). A court may not attempt to resolve an ambiguity; rather, it must remand the award and instruct the arbitrators to clarify the particular ambiguities. *Brown*, 340 F.3d at 216.

The Court is unable to reach a decision on either Tres Tech's Motion to Confirm Arbitration or Carefusion Corporation's Cross-Motion to Vacate because of an ambiguity in the Award. The original demand for arbitration named Carefusion Corporation as the respondent and Carefusion Corporation appeared by submitting a response to that demand. Though there was no official motion or filing to substitute

parties, Tres Tech's response to Carefusion Corporation's counterclaims and all subsequent filings named Carefusion 202, Inc. as the respondent. However, the Award names Carefusion Corporation and makes no reference to Carefusion 202, Inc. One possible explanation is that the arbitrators considered the issue of who the proper respondent was and implicitly ruled that Carefusion Corporation was that party. Another plausible explanation is that the arbitrators' use of the original style naming Carefusion Corporation as respondent was an error. The uncertainty of the party against whom the Award should be enforced creates an ambiguity in the Award. *See Hyle v. Doctor's Assocs., Inc.*, 198 F.3d 368, 371–72 (2d Cir. 1999) (finding an arbitration award ambiguous under similar circumstances). Because the Court cannot interpret the ambiguity and implement the Award, the Award must be remanded back to the arbitrators in order to clarify which party it should be enforced against.

## III.   Conclusion

For the reasons stated above, Carefusion Corporation's Motion to Transfer Action is hereby **DENIED**; Tres Tech's Motion to Confirm Arbitration Award is **DENIED**; Carefusion Corporation's Cross-Motion to Vacate Award is **DENIED**. The Court **ORDERS** that the Award be **REMANDED** to the American Arbitration Association for clarification of the ambiguity concerning the proper respondent. The parties shall cause a certified copy of this Memorandum Opinion and Order to be served upon the

American Arbitration Association and the individual arbitrators, and shall file proof of such service with the Court.

    **SO ORDERED**.

    Signed on August 29th, 2013.

                                           *Ed Kinkeade*
                                           ED KINKEADE
                                           UNITED STATES DISTRICT JUDGE